NATIONSBANK OF NORTH CAROLINA v. BROWN

[118 N.C. App. 576 (1995)]

---

NATIONSBANK OF NORTH CAROLINA, N.A., Plaintiff v. WILLIAM E. BROWN and THOMAS F. DARDEN, II, Defendants

No. 9410SC680

(Filed 18 April 1995)

**Guaranty § 17 (NCI4th)— guarantors of payment of note— default—deviation from terms of guaranty**

The trial court did not err by granting summary judgment for plaintiff in an action to enforce a guaranty where defendants

claimed that they should be relieved of any liability because plaintiff deviated from the terms of the guaranty by making advances in excess of an 85% figure derived by subtracting accumulated retainage from net trade receivables. The letter setting out additional terms to the agreement authorized, but did not require plaintiff to advance monies beyond the 85% figure. Furthermore, plaintiff did not materially deviate from the terms of the letter by not obtaining Borrowing Base Certificates because the letter did not place the responsibility of supplying those certificates on plaintiff, and, in any event, the certificates were merely a form to be used by plaintiff to compute the 85% figure. Plaintiff did not deviate from the original agreement upon which the guaranty was based and summary judgment for plaintiff on its claim was proper.

**Am Jur 2d, Guaranty §§ 79 et seq.**

Appeal by defendants from orders entered 20 December 1993 in Wake County Superior Court by Judge Coy E. Brewer, Jr. Heard in the Court of Appeals 2 March 1995.

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Robin K. Vinson, for plaintiff-appellee.*

*Durham Wyche Story Whitley & Henderson, L.L.P., by Ashley H. Story, Claire B. Casey, and Jane Flowers Finch, for defendant-appellants.*

GREENE, Judge.

In this action by NationsBank of North Carolina, N.A. (plaintiff) to recover on a guaranty agreement, William E. Brown and Thomas F. Darden, II (defendants), appeal from the trial court's order granting summary judgment for the plaintiff and order denying defendants' motion to strike, defendants' motion to amend answer and counterclaims, and defendants' motion to compel discovery.

The evidence shows that, on 11 September 1989, defendants, founders of Arrowhead Masonry, Inc. (Arrowhead), signed a personal guaranty for $250,000, which guaranteed a promissory note, signed by Arrowhead, in return for plaintiff's extension of a line of credit to Arrowhead, up to $250,000. Defendants' guaranty was "an inducement to [plaintiff] to extend credit to" Arrowhead, and defendants "absolutely and unconditionally guarantee[d] to [plaintiff] the due

and punctual payment of [the note] . . . together with interest, as and when the same become due and payable." This guaranty further provided that defendants would "reimburse [plaintiff] for all costs and expenses (including attorneys' fees) incurred by [plaintiff] in connection with the enforcement of [the] guaranty." On that same day, plaintiff sent a letter to Arrowhead which outlined "the additional terms and conditions under which [plaintiff was] willing to extend a $250,000 Line of Credit to Arrowhead." That letter provides:

[Plaintiff] is willing to advance 85% of the figure derived by subtracting Accumulated Retainage from Net Trade Receivables (Total Accounts Receivables less Reserve for Losses). The company shall send to the Bank on a month-end basis an Accounts Receivable Borrowing Base Certificate as attached. Any overadvances under this Borrowing Base approach will be reviewed on an individual occurrence basis and must be approved by the Bank.

The letter does not mention defendants' guaranty, but the letter was "Acknowledged and Accepted" by defendants on behalf of Arrowhead and individually.

On 31 March 1993, plaintiff's sued defendants on the guaranty agreement and demanded $85,266.76, interest and cost, including attorneys' fees. Defendants assert estoppel and waiver as affirmative defenses and allege that plaintiff breached the guaranty agreement by making advances to Arrowhead in excess of the 85% amount provided for in the 11 September 1989 letter. Defendants filed counterclaims making the same claims. On 20 December 1993, the trial court granted plaintiff's summary judgment motion, awarding plaintiff

the principal amount of $79,913.40, plus accrued but unpaid interest at the annual rate of the Prime Rate of NationsBank, plus one percent (1%), from and after February 1, 1992, until paid in full, plus the costs of this action, including attorneys' fees pursuant to N.C. Gen. Stat. § 6-21.2(2) of Fifteen Percent (15%) of the outstanding balance of principal and interest at the time of the institution of this action.

The issue presented is whether the plaintiff violated the provisions of the 11 September 1989 letter.

Defendants do not dispute that they are guarantors of payment on Arrowhead's promissory note, nor that Arrowhead is in default

because it did not make the last two payments due on the note. They argue, however, that they should be relieved of any liability because the plaintiff deviated from the terms of its 11 September 1989 letter, which stated plaintiff would advance only 85% of Arrowhead's net accounts receivable and request monthly "Borrowing Base Certificates" from Arrowhead. The plaintiff contends it did not deviate from the terms of the 11 September letter. We agree with the plaintiff.

It is a well accepted principle of law that "a guarantor will be released from his undertaking by any material alteration," made without his consent, of the original obligation or duty to which the guaranty relates. 38 C.J.S. *Guaranty* § 72 (1943); *First Citizens Bank & Trust Co. v. McLamb*, 112 N.C. App. 645, 649, 439 S.E.2d 166, 168 (1993). In this case, there is no dispute that the plaintiff agreed to "advance 85% of the figure derived by subtracting Accumulated Retainage from Net Trade Receivables." There is also no dispute that on several occasions the plaintiff advanced funds to Arrowhead in excess of the 85% figure. The question is whether these advances amount to a material deviation from the original agreement upon which the guaranty was based. They do not. The letter of 11 September 1989 authorized, but did not require plaintiff to advance monies beyond the 85% figure. In fact the letter specifically states that any "overadvances . . . must be approved by the Bank."

Furthermore, we reject the defendants' argument that plaintiff materially deviated from the terms of the 11 September letter in that it "did not obtain any Borrowing Base Certificates from Arrowhead." The letter did not place the responsibility of supplying these certificates on the plaintiff. Arrowhead was given the responsibility to "send [these certificates] to the Bank on a month-end basis." In any event, the certificates were merely a form to be used by the plaintiff to compute the 85% figure and if they were willing to make advances without regard to that figure, they were permitted to do so. In no event could the liability of the defendants exceed $250,000, the amount of the guaranty. Accordingly, the plaintiff did not deviate from the original agreement upon which the guaranty was based and summary judgment for the plaintiff on its claim was proper. For the same reasons, summary judgment for the plaintiff on the defendants' counterclaims was proper.

We have reviewed the several other assignments of error asserted by the defendants and determine that they do not require reversal or

modification of the orders entered by the trial court. It is, however, apparent from this record and the plaintiff agrees, that the order of the trial court inadvertently directs that interest accrue "from and after February 1, 1992." On remand the order must be amended to reflect the correct date of February 1, 1993, the date on which Arrowhead defaulted.

Affirmed and remanded.

Judges COZORT and LEWIS concur.